PER CURIAM:
The claimant, Dorothy Kehrer, seeks an award of $2,536.74 from the respondent, Division of Highways, for damage to her vehicle. The damage occurred on February 17, 1995, at approximately 7:00 a.m., when her son, William G. Kehrer, was driving a 1991 Chrysler Lebaron, owned by the claimant, on Route 5/3 near Glenville State College, in Gilmer County. According to Mr. Kehrer, he was attending Glenville State College at the time of this incident, and he was driving to a parking area at the school when he observed a vehicle slipping in the road as he proceeded up a steep hill. Mr. Kehrer applied his brakes to avoid a collision with the sliding vehicle stopped sliding when it stuck an embarkment along the road. Mr. Kehrer testified that temperatures were below freezing and the hillside was covered with ice.
As a result of the accident, the rear portion of the claimant’s vehicle was severely damaged. The cost to repair the claimant’s vehicle was estimated to be $2,286.74. However, the claimant informed the Court that the damage was covered by insurance with a deductible of $250.00.
Max L. Marshall, the Gilmer County road supervisor for the respondent, testified that his responsibilities include routine road maintenance in the vicinity of the accident. According to Mr. Marshall, the respondent has six trucks available for treating roads and general road maintenance in Gilmer County. On February 17, 1995, four of the trucks were engaged snow removal and ice control on high priority roads, and two of the trucks were engaged in spot stabilization work. Mr. Marshall characterized Route 5/3 as a low priority road. However, he acknowledged that Route 5/3 is a problem area in the winter, and it can be unusually treacherous. In addition, Mr. Marshall testified that in some instances he would only trust his best driver to treat the hill section of the road. Nevertheless, there were no signs posted along Route 5/3 to warn motorists of this potentially treacherous condition.
The law in West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of motorists traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). This principle has resulted in a number of decisions holding that an isolated patch of ice on a highway is ordinarily insufficient to establish negligence on the part of the *65 respondent. See Cole v. Department of Highways, 14 Ct. Cl. 350 (1983) and Treadway v. Department of Highways, 16 Ct. Cl. 101 (1986). However, this principle does not relieve the respondent of its duty to exercise reasonable care and diligence in maintaining roads under all circumstances.
The evidence in this case indicates that the respondent was aware that the hill on Route 5/3 had a history of being an unusually dangerous area during the winter months. However, the respondent did not take any measurers to warn motorists of this unusually dangerous condition. The Court finds it difficult to understand why no signs were posted to warn motorists of a potentially dangerous situation, if the area is a naturally dangerous section of road. This is especially true for a section of road where the respondent’s own witness is reluctant to send snow plow operators under certain conditions, and the respondent can foresee that students will be traveling the section of road on a frequent basis. Therefore, based on the reasons stated above, it is the opinion of the Court that respondent is liable for the claimant’s damages. Accordingly, the Court makes an award to the claimant in the amount of her insurance deductible, $250.00.
Award of $250.00.